IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ADAM MASKELL                                                                                              PLAINTIFF

v.                                           Civil No. 1:24-cv-01005

CIRCUIT COURT JUDGE
QUINCEY ROSS                                                                                             DEFENDANT

### REPORT AND RECOMMENDATION
### OF THE U.S. MAGISTRATE JUDGE

This is a civil rights action filed by Plaintiff, Adam Maskell, pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Plaintiff maintains his rights under the Fifth and Fourteenth Amendments have been violated by the Defendant, Judge Ross.

Plaintiff filed a Complaint (ECF No. 1) on January 30, 2024. The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915(e)(2)(B). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making this Report and Recommendation. Considering Plaintiff's Complaint, the Court finds Plaintiff's case should be **DISMISSED WITH PREJUDICE** consistent with the following.

**I.     Background:**

According to the allegations of the Complaint (ECF No. 1) and at the time the Complaint was filed, Judge Ross was the judge presiding over Plaintiff's state criminal case in the Bradley County Circuit Court. *Id.* at 4.[1] Plaintiff alleges Judge Ross was not properly selected to hear

---

[1] In *State v. Maskell,* 06CR-22-25, Plaintiff is charged with a one count amended criminal

1

his case after the previous judge over his case, Judge Jack Puryear, recused himself. *Id.* Plaintiff also alleges Judge Ross "is not mentally fit to be a judge due to a possible brain injury sustained from a gun shot wound to his head." *Id.*

## II.     Applicable Law:

Under the § 1915(e)(2)(B), the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

---

information with possession of a firearm by certain persons. The case is ongoing. Case information is publicly available at Arkansas Court Connect https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_frames?backto=P&case_id=06CR-22-25&begin_date=&end_date= (accessed January 31, 2024).

**III.    Discussion:**

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law and that (2) he or she violated a right secured by the constitution.  *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

At the time Plaintiff filed his Complaint, Judge Ross was the state court judge presiding over Plaintiff's criminal proceedings.  Judges are generally immune from lawsuits.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages").  Judicial immunity is only overcome in two situations: (1) if the challenged act is non-judicial; and, (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction.  *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction") (internal citations omitted).

The only allegations Plaintiff has made against Judge Ross are in connection with his selection as the presiding judge in Plaintiff's criminal case and a claim that Judge Ross is suffering from a brain injury.  Plaintiff has made no allegations that Judge Ross took any actions that were non-judicial or taken without jurisdiction.  Judge Ross is therefore immune from suit.

**IV.    Conclusion:**

For these reasons, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), it is

recommended that this case be **DISMISSED WITH PREJUDICE** on the grounds that Judge Ross is immune from suit.

  The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

  DATED this 31st day of January 2024.

               /s/ *Barry A. Bryant*
               HON. BARRY A. BRYANT
               UNITED STATES MAGISTRATE JUDGE